UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

MARTA MACK,

    Plaintiff,

vs.

BANKUNITED INC.
a foreign corporation,

    Defendant,

_____/

## COMPLAINT

Plaintiff, Marta Mack (hereinafter "Mack"), by and through her undersigned counsel, sues Defendant BankUnited Inc., a foreign corporation (hereinafter "BankUnited" or "the Employer"), and alleges:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover money damages for unpaid overtime, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. sec. 201-219 (sec. 216 for jurisdictional placement)("the FLSA").

1

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff is employed as a head teller at BankUnited's place of business in Coral Gables, Miami-Dade County, Florida.

4. In performing her duties for BankUnited, Mack is engaged in commerce or the production of goods for commerce within the meaning of 19 U.S.C. sec. 203(b) in that Mack (i) uses goods and products that had been moved or produced in interstate commerce, (ii) provides goods and services to customers who reside in states other than Florida and/or (iii) provides customers with goods and services paid for by private persons or entities from outside the State of Florida.

5. The corporate Defendant, BankUnited, is a foreign for profit corporation, doing business in Miami-Dade County, Florida, where the Plaintiff is employed as a head teller at the Coral Gables branch of BankUnited. All of the acts giving rise to this cause of action took place in Miami-Dade County, Florida.

6. BankUnited, at all relevant times had gross operating revenues in excess of $500,000.

7. BankUnited, at all relevant times was engaged in "interstate commerce" within the meaning of 29 U.S.C. sec. 203 by among other things, accepting funds from non-Florida sources, using telephonic transmissions going over state lines to do

its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. BankUnited has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of 29 U.S.C. sec. 203.

9. At all relevant times, BankUnited was an "employer" as that term is used in sec. 203(d) of the FLSA.

10. By reason of the foregoing, the Employer was at all material times an enterprise engaged in commerce or in the production of goods for commerce as defined in sec. 3 ( r) and 3 (s) of the FLSA, 29 U.S.C. sec. 203( r) and 203(s) and/or the Plaintiff is within interstate commerce and consequently jurisdiction is conferred on this Court by 28 U.S.C. sec. 1337 and by 29 U.S.C. sec. 216(b).

11. Venue as to BankUnited is proper in this Court because the events giving rise to the Plaintiff's claims occurred within this judicial district and because BankUnited carries out business in this judicial district.

## COUNT ONE - UNPAID OVERTIME

12. Plaintiff re-alleges and incorporates the above paragraphs 1 through 11 as though fully set forth herein.

13. Section 207(a)(1) provides as follows:

3

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless each such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one half times the regular rate at which he is employed.

14. BankUnited's across-the-board policy of classifying the Plaintiff as exempt from the overtime pay entitlements has been unlawful. At no relevant time has the Plaintiff been primarily engaged in exempt duties. Neither the executive exemption under 29 C.F.R. 541.1, the administrative exemption under 29 C.FR. 541.2, the professional exemption under 29 U.S.C. 541.3, nor the outside sales exemption under 29 C.F.R. 541.506 preclude Plaintiff from asserting her right to overtime pay. The Plaintiff did not regularly exercise discretion and independent judgment in carrying out her job duties, and had no discretion in making company policy.

15. Plaintiff has worked overtime hours for BankUnited without being paid overtime premiums in violation of the FLSA.

16. BankUnited has wilfully violated the FLSA. As a result, BankUnited is liable to the Plaintiff for liquidated damages in an amount equal to the wages that BankUnited has failed to pay as a result of the foregoing violation.

17. Plaintiff is entitled to all of the overtime wages she is owed, as well as costs and attorney's fees she has expended in bringing this action to recover her unpaid wages.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from the Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendant from committing any future FLSA violations. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT TWO - UNJUST ENRICHMENT

18. Plaintiff re-alleges and incorporates the above paragraphs 1 through 11 as though fully set forth herein.

19. BankUnited has received and benefitted from its policy and practice of failing to compensate Plaintiff for her overtime, and for BankUnited to retain this benefit would be inequitable and would rise to the level of unjust enrichment.

20. Plaintiff had a reasonable expectation that she would be paid all

amounts to which she is entitled, including overtime, for having given her time and efforts to Subway.

21. By underpaying Plaintiff, BankUnited has been unjustly enriched. More specifically, by reason of having secured the work and efforts of Plaintiff without paying overtime compensation, BankUnited realized additional profits and savings for its own benefit and to the detriment of the Plaintiff.

22. BankUnited has retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

23. Accordingly, Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by BankUnited, to be proved at trial.

WHEREFORE, Plaintiff requests compensatory damages for BankUnited, to be proven at the time of trial along with court costs and prejudgment interest, and any and all other relief which this Court deems reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable as of right by jury.

21. By underpaying Plaintiff, BankUnited has been unjustly enriched. More specifically, by reason of having secured the work and efforts of Plaintiff without paying overtime compensation, BankUnited realized additional profits and savings for its own benefit and to the detriment of the Plaintiff.

22. BankUnited has retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

23. Accordingly, Plaintiff is entitled to judgment in an amount equal to the benefits unjustly retained by BankUnited, to be proved at trial.

WHEREFORE, Plaintiff requests compensatory damages for BankUnited, to be proven at the time of trial along with court costs and prejudgment interest, and any and all other relief which this Court deems reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable as of right by jury.

Dated:  June 3, 2011

                                  Respectfully Submitted,

                                  S/Anthony V. Falzon, Esquire (F.B.N.: 69167)
                                  E-mail: AFalzon@miami-law.net
                                  Simon, Schindler & Sandberg
                                  2650 Biscayne Boulevard
                                  Miami, Florida 33137
                                  Telephone: (305) 576-1300
                                  Facsimile: (305) 576-1331
                                  Attorneys for Plaintiff Marta Mack